Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board *v.* The Greater Northeast Polish American Citizens Association, Appellant.

Argued April 9, 1976, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Abe Lapowsky*, for appellant.

*J. Leonard Langan*, Assistant Attorney General, with him *Harry Bowytz*, Chief Counsel, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE ROGERS, May 20, 1976:

The Greater Northeast Polish American Citizens Association has appealed from the decision and order of the Court of Common Pleas of Philadelphia County sustaining the Pennsylvania Liquor Control Board's (PLCB) revocation of its club liquor license. We affirm.

On September 6, 1974, the PLCB sent the appellant a notice of violation of the provisions of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §1-101

et seq. The notice was promptly followed by a citation, specifying the violations as (1) permitting lewd, immoral and improper entertainment on the licensed premises, (2) permitting persons to engage in acts of deviate sexual intercourse on the premises, (3) permitting solicitation of patrons for immoral purposes on the premises, and (4) permitting entertainers to contact and/or associate with patrons on the premises. The offenses were alleged to have occurred "on or about May 2, 1974 and on diverse other occasions within the past year."

After a hearing the PLCB found as a fact that the offenses charged had been proven and that they occurred on May 2, 1974. The court below conducted a hearing de novo, made findings similar to those of the PLCB, and affirmed the action of revocation.

The appellant makes two arguments for reversal: (1) that the PLCB failed to conform to Section 471 of the Liquor Code, 47 P.S. §4-471, and (2) that the PLCB failed to prove that the appellant committed the offenses charged.

Section 471 of the Liquor Code, 47 P.S. §4-471, provides in pertinent part:

"Upon learning of any violation of this Act . . . the board may, within one year from the date of such violation . . . cite such licensee to appear before it or its examiner . . . to show cause why such license should not be suspended or revoked or a fine imposed. . . . No penalty provided by this Section shall be imposed by the board or any court for any violations provided for in this Act unless the enforcement officer or the board notifies the licensee of its nature and of the date of the alleged violation within ten days of the completion of the investigation which in no event shall exceed ninety days."

The appellant would have us construe the statute as fixing the time for the commencement of the 90 days

allowed for investigation as the date when the PLCB became aware of a possible violation. It then contends that because the record does not disclose when the PLCB first knew of its possible derelictions, more than 90 days may have been employed in investigation, since the offenses occurred in May and the notice and citation were sent in September.

The appellant relies on *4-6 Club Liquor License Case,* 442 Pa. 154, 275 A.2d 40 (1971). *4-6 Club* holds that the 90 day period for investigation begins to run from the time the investigation begins, not from the time of the offense. The Supreme Court's reference to the time when the PLCB had knowledge of possible offenses was a recital of fact, not a declaration that the investigation must commence immediately after the possibility of an offense comes to the Board's attention.

We further find nothing in this record establishing that the PLCB knew of the offenses more than 100 days before the notice and citation were sent. A PLCB agent testified that he began an investigation on September 3, 1974 and completed it on September 4, 1974, and that the investigation consisted of reviewing a police report of arrests made at the licensed premises on May 2, 1974 and an interview with the arresting officer. There is no evidence that the police report was in the hands of the PLCB 90 days prior to September 3, 1974 and the investigation clearly took only two days.

Appellant's second contention is without merit. A police officer, who was familiar with the location of the appellant's premises, testified to obviously organized sexual displays and another witness described his own participation in these activities. The evidence amply supports the findings that the activities took place on the day in question at the appellant's premises, and were permitted by the servants, agents or employees of the appellant.

## ORDER

AND NOW, this 20th day of May, 1976, it is Ordered that the order of the Court of Common Pleas of Philadelphia County, affirming the revocation of the Club's Liquor license and forfeiture of bond of The Greater Northeast Polish American Citizens Association be, and it hereby is, affirmed.