Figueroa, Inc., t/a Sugar Lounge, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Argued April 9, 1980, before President Judge CRUMLISH and Judges CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Howard N. Snitow,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel and *Edward Biester, Jr.,* Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, May 19, 1980:

Figueroa, Inc., trading as Sugar Lounge, appeals an order of the Philadelphia County Common Pleas Court affirming a decision of the Pennsylvania Liquor Control Board (PLCB) suspending its restaurant liquor license for a thirty-day period. We affirm.

PLCB issued the citation to Figueroa, Inc., on the basis of the following finding of fact:

The licensee, by its servants, agents or employes, aided, abetted and/or engaged in the traffic in or sale of a controlled substance on the licensed premises. . . .

Figueroa, Inc., thereafter filed an appeal in the Court of Common Pleas where a de novo hearing was held on September 18, 1978.

Undercover police officers attached to the narcotics unit gave marked currency to an individual to buy heroin. While under police observation, the individual approached a man named Cooper seated in the premises and handed him the money. Cooper took the money, went behind the bar, and then delivered to the agent a package later identified as heroin which the agent testified was given to her by the man in the bar. Shortly thereafter, Cooper was placed under arrest.

On appeal, Figueroa, Inc., contends that while Cooper was its porter, he was off duty and was merely a patron of the bar at the time of the drug trafficking incident, thus relieving it of vicarious liability for his criminal acts. Our scope of review is limited to a determination of whether the court below abused its discretion or committed an error of law. *Pennsylvania Liquor Control Board v. Herb Anthony Enterprise, Inc.*, 35 Pa. Commonwealth Ct. 343, 386 A.2d 1043 (1978).

PLCB is empowered under Section 471 of the Liquor Code[1] to cite a licensee "[u]pon learning of any violation of this act . . . by any licensee within the scope of this article, his officers, servants, agents, or employees, or upon any other sufficient cause shown."

Was Figueroa, Inc., vicariously liable for the acts of Cooper?

The arresting officer testified that during the period of observation Cooper helped himself to the bar's liquor, stood behind the bar while police searched the premises, took money from the cash register, told police he was the bar's manager, gave instructions to the barmaid to make telephone calls for him, and pocketed a set of keys to the establishment.

To seriously contend that Cooper, during the events recited, was merely an off-duty unauthorized employee suggests gross misplaced naiveté. The only inference which could fairly be drawn from the record is that Cooper's conduct evidenced an authority more than that bestowed upon a porter or a patron of the bar. His actions evidenced a much greater involvement in the business aspects of the establishment. While the licensee may have been unaware of the illegal use of its premises, it has long been held that violation of the laws regarding the use or sale of con-

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-471.

trolled substances by an employee, regardless of whether the licensee had knowledge of the conduct, constitutes proper grounds for license suspension. *Bates v. Commonwealth,* 40 Pa. Commonwealth Ct. 426, 397 A.2d 851 (1979). The legislature, in its wisdom, has imposed this heavy burden on the licensee because it was conscious of the ideal setting it provides for any illegal conduct.

Accordingly, we issue the following:

### ORDER

AND Now, this 19th day of May, 1980, the order of the Court of Common Pleas of Philadelphia County, dated October 16, 1978, suspending the restaurant liquor license No. R-6413 issued to Figueroa, Inc., is hereby affirmed.