Tinnie Roosevelt Jones, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs June 7, 1982, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

430

*Oscar N. Gaskins, Gaskins & McCaskill, P.C.,* for appellant.

*Harold Cramer,* Assistant Counsel, with him, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, July 15, 1982:

Tinnie Roosevelt Jones, convicted on March 24, 1976 of driving while intoxicated, appeals here from a Berks County Court of Common Pleas decision which held that the notice of license revocation sent August 19, 1976 by the Bureau of Traffic Safety to Mr. Jones satisfied the requirement in Section 616(a)(1) of The Vehicle Code of 1959[1] that the bureau "shall forthwith revoke" the license of a person convicted of that offense. However, that requirement has never been construed to fix an arbitrary time limit for administrative action. *Department of Transportation, Bureau of Traffic Safety v. Lea,* 34 Pa. Commonwealth Ct. 310, 312, 384 A.2d 269, 270-71 (1978). Rather, "it has been held that absent a showing of prejudice, the mere

---

[1] The Vehicle Code of 1959, Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §616(a)(1), repealed by the Act of June 17, 1976, P.L. 162, 75 Pa. C. S. §101-§9701, effective July 1, 1977, which provided, in relevant part:

Upon receiving a certified record, from the clerk of court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of any of the crimes enumerated in this section [including operating a motor vehicle under the influence of intoxicating liquor], the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privileges of any such person. . . .

passage of time between defendant's conviction and the suspension of his operating privileges is not sufficient justification to set aside the action of [the bureau]." *Id.*

Unlike *Department of Transportation, Bureau of Traffic Safety v. Hosek,* 3 Pa. Commonwealth Ct. 580, 284 A.2d 524 (1971), upon which Mr. Jones relies, the record is devoid of any evidence that he was prejudiced by an act or omission of the bureau. *See Department of Transportation, Bureau of Traffic Safety v. Passerella,* 42 Pa. Commonwealth Ct. 352, 401 A.2d 1 (1979). Thus, we are unable to say that the common pleas court, in finding no prejudice, acted unreasonably or abused its discretion. *See Department of Transportation, Bureau of Traffic Safety v. Rutkowski,* 46 Pa. Commonwealth Ct. 64, 406 A.2d 248 (1979).

Accordingly, the decision of the common pleas court is affirmed.

ORDER

Now, July 15, 1982, the order of the Court of Common Pleas of Berks County, dated March 26, 1980, dismissing the appeal of Tinnie Roosevelt Jones, is hereby affirmed.