Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Beneficial & Protective Assn. of Lace Operatives of Philadelphia, Appellee.

Submitted on briefs June 7, 1982, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Patrick M. McHugh,* Assistant Counsel, with him *J. Leonard Langan,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE CRAIG, July 22, 1982:

The Pennsylvania Liquor Control Board appeals here from a decision of the Court of Common Pleas of Philadelphia County, which reversed the board's order imposing a fine of $450 on Beneficial & Protective Association of Lace Operatives of Philadelphia (licensee), holder of a club liquor license issued by the board.

The board's order resulted from its findings of fact, which were derived from an extensive administrative hearing, that the licensee had violated the Pennsylvania Liquor Code[1] by: (1) permitting minors to frequent the licensed premises;[2] (2) selling, fur-

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§1-101 to 9-902.

[2] "It is unlawful for any hotel, restaurant or club licensee, or any retail dispenser, his servants, agents or employees, to permit . . . minors to frequent his licensed premises. . . ." 47 P.S. §4-493(14).

nishing or permitting the sale of alcoholic beverages to minors;[3] and (3) selling alcoholic beverages to non-members.[4]

The common pleas court conducted a de novo trial as prescribed in Section 4-471 of the Code,[5] in which it admitted as evidence the record of the administrative hearing, without objection from the licensee,[6] and heard additional testimony.

In reversing the board's order, the common pleas court disregarded testimony from the administrative hearing, considering only the testimony which it had heard directly. The court then concluded that the record was insufficient to support the board's findings.

Our scope of review in liquor license revocations is limited to determining whether the court below committed an error of law or abused its discretion. *Matter of Mount Carmel Legion Memorial Association,* 56 Pa. Commonwealth Ct. 601, 426 A.2d 173 (1981).

Our Supreme Court, in interpreting Section 4-471 of the Code, has given the trial court broad discretion in conducting a trial de novo. *In Re Noonday Club*

---

[3] "It shall be unlawful for any licensee . . . or any employee, servant or agent of such licensee . . . to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given . . . to any minor. . . ." 47 P.S. §4-493(1).

[4] "No club licensee nor its officers, servants or employees . . . shall sell any liquor or malt or brewed beverages to any person except a member of the club. . . ." 47 P.S. §4-406(a).

[5] 47 P.S. §4-471 which provides, in relevant part that the court on appeal:

[s]hall, in the exercise of its discretion, sustain, reject, alter or modify the findings of fact, conclusions and penalties of the board, based on the findings of fact, conclusions of law as found by the court.

[6] The record of the administrative hearing was introduced into evidence before the court of common pleas as Commonwealth Exhibit No. 1.

*of Delaware County, Inc.*, 433 Pa. 458, 252 A.2d 568 (1968). Nevertheless, the court below may not disregard competent evidence of violations by the licensee. *Barone's, Inc. v. Pennsylvania Liquor Control Board*, 10 Pa. Commonwealth Ct. 563, 312 A.2d 74 (1973); *Lakewood Co. Liquor License Case*, 198 Pa. Superior Ct. 169, 181 A.2d 918 (1962).

Here, the court of common pleas did disregard competent evidence by failing to consider the record of the administrative hearing, which it had accepted into evidence. That record indicated that one minor had confessed to frequenting the licensee's premises "a couple of times," and another minor admitted to having been at the premises "a lot of times." This uncontradicted testimony establishes by a fair preponderance of the evidence that the licensee permitted minors to frequent his premises. *See In Re Appeal of Speranza*, 416 Pa. 348, 206 A.2d 292 (1965) ("frequenting" means to visit often, "more than one or two visits").

Secondly, as to the allegation that the licensee furnished liquor to minors, the common pleas court said that "there was no evidence introduced as to how the beverages were obtained, so as to prove that the licensee sold, furnished or gave the beverages to the minors." However, the court overlooked the administrative hearing record, in which the minors testified that an employee of the licensee had served them liquor.

Finally, despite an absence of testimony before the lower court concerning the allegation that the licensee served liquor to a non-member, the record created at the administrative hearing contains an admission by a minor that she was served liquor at the licensee's club, although not a club member.

Accordingly, we conclude that the common pleas court exceeded its discretion by disregarding compe-

tent evidence which it had accepted as part of its trial de novo, and therefore we reverse its decision.

## Order

Now, July 22, 1982, the order of the Court of Common Pleas of Philadelphia County at Docket No. 8101-2428, dated March 30, 1981, is hereby reversed, and the order of the Pennsylvania Liquor Control Board, dated January 2, 1981, concerning citation No. 1884, 1980, is hereby reinstated.