Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Fort Washington Inn Operating Company, t/a Holiday Inn of Fort Washington, Appellee.

Submitted on briefs December 15, 1982, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*J. Leonard Langan,* Chief Counsel, for appellant.

*Morris Gerber, Gerber, Gerber & Shields,* for appellee.

OPINION BY JUDGE DOYLE, March 11, 1983:

This is an appeal by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Montgomery County reversing the decision of the Board which suspended the liquor license of the Fort Washington Inn Operating Company, t/a Holiday Inn of Fort Washington (Holiday Inn), for a period of five days. We affirm the order of the court of common pleas.

On February 25, 1981, Holiday Inn was cited for a violation of Section 493(1) of the Liquor Code (Code)[1] which prohibits the sale of alcholic beverages to minors. Following a hearing convened by the Board, an Opinion and Order was issued suspending Holiday Inn's liquor license for a period of five days.[2] Holiday Inn appealed to the Court of Common Pleas of Montgomery County and a trial de novo was held on October 9, 1981. At that time, counsel for both parties stipulated that the testimony taken and transcribed at the hearing convened by the Board would be admitted as the testimony considered by the court de novo. The court of common pleas reversed the Board's decision by order dated November 17, 1981, and on March 4, 1982, issued an opinion to support its order. The Board has appealed to this Court from the order and opinion of the common pleas court.

Our review is limited to a determination of whether the court of common pleas abused its discretion or committed an error of law. *Pennsylvania Liquor Control Board Appeal,* 56 Pa. Commonwealth Ct. 601, 426 A.2d 173 (1981); *Figueroa, Inc. v. Pennsylvania Liquor Control Board,* 51 Pa. Commonwealth Ct. 422, 414 A.2d 747 (1980).

The court of common pleas determined that the investigation by the Board of the alleged violation of the Code was commenced on November 3, 1980 and ended on February 6, 1981. The court found that the investigation was, therefore, not completed within ninety days as required by Section 471 of the Code,

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(1).

[2] The citation was the third in four years, requiring suspension or revocation by the Board under Section 471 of the Code, 47 P.S. §4-471, which provides, in pertinent part: "If the violation in question is a third or subsequent violation of this act . . . occurring within a period of four years the board shall impose a suspension or revocation."

47 P.S. §4-471, and held that the Board's suspension must be reversed. Section 471 provides in pertinent part:

> No penalty provided by this section shall be imposed by the board or any court for any violations provided for in this act unless the enforcement officer or the board notifies the licensee of its nature and of the date of the alleged violation within ten days of the completion of the investigation which in no event shall exceed ninety days.

Testimony by the Board's enforcement officer indicated that a report of the alleged violation was received by the Board's district office on November 3, 1980 from the state police. The enforcement officer testified that on that date he read the police report and decided to investigate. The court of common pleas determined that it was this reading and decision by the enforcement officer which marked the beginning of the investigation, not the first actual contact with the reporting state trooper which was made on December 12, 1980, as argued by the Board.

The Board correctly argues that the ninety days for investigation does not begin to run from the date of the alleged offense, *4-6 Club v. Pennsylvania Liquor Control Board,* 442 Pa. 154, 275 A.2d 40 (1971), nor does the Board's investigation begin when the possibility of an offense comes to its attention. *Liquor Control Board v. Greater Northeast Polish American Citizens Association,* 24 Pa. Commonwealth Ct. 560, 357 A.2d 708 (1976). In the instant case, however, the court of common pleas did not hold that the investigation commenced with the receipt of the report of the offense from the State Police; rather it was the review of that report by the Board's enforcement officer, *and his decision to investigate at that time,* which began the investigation.

*Greater Northeast Polish American Citizens Association* is directly on point. In that case, we noted the relevant facts as follows:

A PLCB agent testified that he began an investigation on September 3, 1974 and completed it on September 4, 1974 and that the investigation consisted of reviewing a police report of arrests made at the licensed premises on May 2, 1974 and an interview with the arresting officer. There is no evidence that the police report was in the hands of the PLCB 90 days prior to September 3, 1974 and the investigation clearly took only two days.

*Id.* at 563, 357 A.2d at 710. Here, the undisputed testimony was that the police report was received by the Board on November 3, 1980 and was reviewed by the enforcement officer on November 3, 1980. Judge SMILLIE noted it was then that the decision to investigate was made. The reporting officer was interviewed on December 12, 1980 and on February 6, 1981. The investigation clearly took more than ninety days. The court of common pleas committed no abuse of discretion or error of law in so finding.

ORDER

Now, March 11, 1983, the order of the Court of Common Pleas of Montgomery County dated November 17, 1981, reversing the decision of the Pennsylvania Liquor Control Board in the above referenced matter, is hereby affirmed.

———

DISSENTING OPINION BY JUDGE BLATT

I must respectfully dissent.

In the *Greenspan Liquor License Case,* 438 Pa. 129, 264 A.2d 690 (1970), which involved Section 471 of the Liquor Code and a citation issued by the Pennsylvania

Liquor Control Board (PLCB) on the basis of police reports, our Supreme Court stated that: "[t]his problem arises because the statute contemplates *only* the situation in which the Board or enforcement officers have made an *independent* investigation." *Id.* at 132, 264 A.2d at 691 (emphasis added). It appears, therefore, that the Court read Section 471's reference to "investigation" as meaning only an "independent investigation" by the PLCB and not the mere review of police reports.

In the case at hand, I do not believe that the PLCB conducted an independent investigation[1] involving affirmative actions, such as entering the licensed premises, and therefore can find no detrimental effect upon the licensee which the legislature may have intended to preclude by enacting Section 471 of the Liquor Code.

I would, therefore, reverse the order of the court of common pleas and reinstate the PLCB's order.

---

[1] I do not believe that we are bound by the PLCB's agent's statement that his investigation consisted of reviewing police reports as an accurate legal interpretation of the term "investigation" under Section 471 of the Liquor Code.