Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant v. Regina P. Koletas, t/a Charles Restaurant, Appellee.

Submitted on briefs June 4, 1984, to Judges WILLIAMS, JR., DOYLE and PALLADINO, sitting as a panel of three.

583

*Felix Thau*, Assistant Counsel, with him, *Gary F. DiVito*, Chief Counsel, for appellant.

*Francis Recchuiti*, for appellee.

OPINION BY JUDGE DOYLE, August 21, 1984:

This is an appeal by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Montgomery County which reversed the Board's suspension of a restaurant liquor license.

Pursuant to a citation issued against the Charles Restaurant of Bryn Mawr, Pennsylvania (Licensee), the Board conducted a hearing in which it found that the licensee's establishment was not a bona fide restaurant under Section 102 of the Liquor Code (Code)[1], because the premises contained an insufficient number of chairs to accommodate at least thirty persons at one time.[2] Accordingly, the Board suspended the licens-

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §1-102.

[2] Section 102 of the Code states:

"Restaurant" shall mean a reputable place operated by responsible persons of good reputation and habitually and principally used for the purpose of providing food for the public, the place to have an area within a building of not less than four hundred square feet, *equipped with tables and chairs accommodating at least thirty persons at one time.* (Emphasis added.)

ee's restaurant liquor license, amusement permit, and Sunday sales permit for a period of one day, and thereafter until the violations could be corrected.

The licensee appealed the Board's suspension, and a *de novo* hearing was held before the court of common pleas. At the hearing, the court sustained the appeal without accepting any evidence from the Board, due to the Board's failure to designate a provision in the Liquor Code upon which the suspension could be based.[3] On appeal to this Court, the Board argues that the trial court erred in sustaining the appeal without conducting an evidentiary hearing and without making specific findings of fact and conclusions of law.[4] We agree.

The appeal from a Board's decision in a license suspension case is governed by Section 471 of the Liquor Code, 47 P.S. §4-471, which states, in pertinent part:

> Upon appeal, the court so appealed to shall, in the exercise of its discretion, sustain, reject, alter or modify the findings, conclusions and penalties of the board, *based on the findings of*

---

[3] The Board based its suspension on Section 102 of the Liquor Code which contains the definition of "restaurant". The court maintained that non-compliance with a definition in the Code does not itself establish a violation of the Code.

We note that, while the Board's citation to Section 102 may have been incomplete, it was certainly not incorrect. The Board clearly has the authority to grant a "restaurant liquor license" under Section 401 of the Code, 47 P.S. §4-401. Should the holder of such license fail to operate his premises as a "restaurant" as that term *is* defined under Section 102 of the Code, he is in clear violation of the terms of his license, and the Board may suspend or revoke his license under Section 471 of the Code, 47 P.S. §4-471. *See New Sorrento, Inc. v. Pennsylvania Liquor Control Board,* 64 Pa. Commonwealth Ct. 422, 440 A.2d 676 (1982).

[4] Regina Koletas, Appellee in this case, has submitted no brief before this Court.

*fact and conclusions of law as found by the court.* (Emphasis added.)

This section has been interpreted to mean that the trial court on appeal is required to hold hearings *de novo*, make its own findings of fact and conclusions of law and then in the exercise of *its own* discretion either sustain, reverse, or modify the action taken by the Board. *Pennsylvania Liquor Control Board Appeal*, 56 Pa. Commonwealth Ct. 601, 426 A.2d 173 (1981).

We must therefore remand this matter and direct that an evidentiary hearing be held, and that findings of fact and conclusions of law be made.

ORDER

Now, August 21, 1984, the order of the Court of Common Pleas of Montgomery County, No. Misc. 431 July 1983, dated October 5, 1983, is hereby vacated, and the matter remanded to said court for proceedings consistent with this opinion. Jurisdiction relinquished.