Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Thomas R. Althouse, Appellee.

142

Submitted on briefs November 12, 1985, before President Judge CRUMLISH, JR., Judge COLINS and Senior Judge BARBIERI, sitting as a panel of three.

*Eileen S. Maunus,* Assistant Counsel, for appellant.

*A. T. Gillespie, Jr.,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, January 9, 1986:

The Pennsylvania Liquor Control Board (Board) has appealed from the order of the Court of Common Pleas of Lehigh County which reversed the order of the Board suspending for five days the license issued Tom's Cafe, owned and operated by Thomas R. Althouse (Licensee).

On October 5, 1983, the Board issued a citation to the Licensee to show cause why the license should not be revoked in accordance with Section 471 of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471. After a hearing on the matter at which one of the Board's enforcement officers testified regarding the results of his investigation of the license, the Board found that the Licensee, his servants, agents or employes permitted upon the licensed premises solicitation of patrons for immoral purposes and imposed a five-day suspension.

On appeal to the common pleas court, the parties stipulated that no additional testimony was to be offered and that the matter was to be submitted to the court on the basis of the record assembled at the proceeding before the Board. The court found that the enforcement officer was approached by a female patron and was solicited for immoral purposes and that when the enforcement officer apprised the employe behind the bar what had transpired, the employe replied that the patron should be ejected from the premises because she had similarly bothered other patrons. The court then held that the evidence and facts established at that hearing did not support the Board's conclusion that the Licensee violated the Code. The court stated that, although there was no evidence on the record to contradict the enforcement officer's testimony that he was solicited for immoral purposes by a patron of the Licensee, there was nothing on the record to indicate that the Licensee or his employe knowingly permitted such solicitation. The court stated, "The charge of permitting solicitation for immoral purposes is not established by a simple accusation from a complaining patron who is unknown to the licensee or his employees which does not result in the prompt removal of the solicitor from the licensed premises." The court concluded that the Board

had not met its burden of showing by a preponderance of the evidence that the Licensee or his employee knowingly approved or participated in the immoral solicitation and, thus, the court reversed the order of the Board.

Under the applicable scope of review, an order of a common pleas court is subject to reversal when that court has erred as a matter of law. *Pennsylvania Liquor Control Board v. Dobrinoff*, 80 Pa. Commonwealth Ct. 453, 471 A.2d 941 (1984).

The common pleas court erred in concluding that the Board's order must be reversed because the Board had not shown by a preponderance of the evidence that the Licensee or his employee knowingly approved or participated in the immoral solicitation.

The Board carries its burden of establishing a violation if it proves that the Licensee *permitted* the violation; a licensee permits a violation if he acquiesces by failing to prevent the violation. *In re Marber Corporation*, 193 Pa. Superior Ct. 416, 165 A.2d 139 (1960). When the Board established that the Licensee's employe permitted the solicitation by failing to prevent it, the Licensee's violation was established as a licensee is responsible for the acts of his agents and employees. *Fumea Liquor License Case*, 186 Pa. Superior Ct. 609, 142 A.2d 326 (1958). Thus the suspension was proper, for "[i]t is well settled that a liquor license may be suspended for a violation by an employe without proof of a pattern of activity and despite the absence of evidence that the licensee had personal knowledge of the violation." *Dubin Liquor License Case*, 210 Pa. Superior Ct. 346, 348, 234 A.2d 7, 8 (1967). Accordingly, we will vacate the order of the court of common pleas and reinstate the Board's suspension order.

## ORDER

AND Now, this 9th day of January, 1986, the order of the Court of Common Pleas of Lehigh County is hereby vacated and the order of the Pennsylvania Liquor Control Board is reinstated.