511 A.2d 272

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* The Gatling Saloon and Dance Hall Corp., Appellee.

Argued April 11, 1986, before Judges BARRY and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Eileen S. Maunus,* with her, *Gary F. Di Vito,* Counsel, and *Felix Thau,* Deputy Chief Counsel, for appellant.

*Charles W. Boohar,* with him, *Robert Weinstock, Pelino & Lentz, P.C.,* for appellee.

OPINION BY JUDGE BLATT, June 26, 1986:

The Pennsylvania Liquor Control Board (Board) appeals here from an order of the Court of Common

Pleas of Montgomery County which reversed a Board order imposing a four hundred dollar ($400) fine on the Gatling Saloon and Dance Hall (appellee).

Following a *de novo* hearing, the trial court found that, on June 22, 1983, two Board enforcement officers went to the appellee's premises and that, although Officer Linda Sylvester was admitted, the male officer was refused admission by the doorman on the basis that men were not allowed inside until after 9:00 P.M.[1] It was also found that another officer visited the subject premises on June 29, but that he was denied admission for the same reason; that the next day he filed his report with Officer Sylvester, who was supervising the investigation; and that neither male officer had any further knowledge of the investigation. The court further found that, sometime after June 30, 1983, Officer Sylvester was removed from her position with the Board, thereafter leaving the Board's employment; that about August 3, 1983 the investigation file was turned over to Officer Cochran; that she visited the subject premises on August 16, 1983, but found them closed; and that she sent the appellee a violation notice on August 19, 1983.

The trial court determined that the only activity subsequent to June 29, 1983 which concerned the premises was Officer Cochran's visit of August 16, and that the investigation was not a continuing one, but had ended as of June 30 when the Board's file was complete. It concluded that no penalty could be imposed because notice of the violation was not provided within ten days of the completion of the investigation as required by Section 471 of the Pennsylvania Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471, which pertinently provides:

---

[1] The Board cited the appellee for violating Section 491(6) of the Code, 47 P.S. §4-491(6), which requires a licensed premises to be accessible at all times for the use and accommodation of the general public.

No penalty provided by this section shall be imposed by the board or any court for any violations provided for in this act unless the enforcement officer or the board notifies the licensee of its nature and of the date of the alleged violation within ten days of the completion of the investigation which in no event shall exceed ninety days.

The Board contends that the trial court committed an error of law in concluding that notice of the violation was not sent within the statutory ten day period. It argues that, inasmuch as the point at which the ninety day period for conducting an investigation commences with the Board's decision to investigate, *Pennsylvania Liquor Control Board v. Fort Washington Inn*, 72 Pa. Commonwealth Ct. 542, 457 A.2d 172 (1983), the ending date here was August 16, 1983, the date it purportedly decided to terminate the investigation.

We agree with the Board that an investigation may not simply be deemed complete on the day of the last of the alleged violations. The record here, however, leads us to agree with the trial court that this investigation ended well before a date which would have rendered timely the August 19, 1983 violation notice. As the trial court noted, the Board alleged that, because the investigation was continuing, the mandatory ten day notice requirement did not run on June 30, 1983. The trial court, however, rejected this assertion. It drew an adverse inference from the fact that the only activity concerning the premises after June 29, 1983 was the unproductive visit of August 16, 1983. It determined accordingly that the investigation file was complete as of June 30, 1983, and rejected the Board's argument that the later visit constituted part of a continuing investigation. The court reasoned that, had the investigation actually been a continuing one, the officer who sought to

visit the premises on August 16 would have again visited them at a later date, particularly since she had no knowledge of any conduct at the premises aside from information already possessed by the Board as of June 30, 1983.

The trial court's finding as to the date on which the investigation ended was a proper factual determination and does not represent a legal rule that Board investigations terminate on the date a violation was last observed. The facts in this case strongly support such a finding, and it appears to be the better course to disallow here an enforcement officer's visit to closed premises as conclusive evidence of the ongoing nature of an investigation. Otherwise, the Board could, solely to satisfy the ten day rule, readily "revive" a completed investigation through the expediency of such a visit.

We will, therefore, affirm the order of the trial court.

## ORDER

AND NOW, this 26th day of June, 1986, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.