535 A.2d 709

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* S & B Restaurants, Inc., t/a The Woodlands, An Inn, Appellee.

Submitted on briefs September 14, 1987, to Judge CRAIG, and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Kenneth B. Skelly,* Chief Counsel, for appellant.

*Daniel G. Flannery, Rosenn, Jenkins & Greenwald,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, January 7, 1988:

The Pennsylvania Liquor Control Board (PLCB) appeals here an order of the Court of Common Pleas of Luzerne County sustaining the appeal of S & B Restaurants, Inc., trading as The Woodlands, An Inn (Licensee), from a PLCB order and adjudication that suspends its Restaurant Liquor License for a period of ten days. We shall reverse.

The relevant factual background is as follows. The Licensee operates a restaurant located at 1073 Route 315, Plains Township, Luzerne County, Pennsylvania, that is licensed by the PLCB to sell alcoholic beverages. On May 23, 1984, the PLCB issued Citation No. 1514-

1984 to the Licensee as a result of an investigation of the restaurant on March 26, 1984, charging the following violations:

1. Violation of Section 493(1) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-493(1), by permitting alcoholic beverages to be sold or furnished to minors;

2. Violation of Section 493(14) of the Liquor Code, 47 P.S. §4-493(14), by permitting minors to frequent the licensed premises; and

3. Violation of 40 Pa. Code §5-32(d), by allowing entertainers to come in contact with or associate with patrons.

The hearing on these charges was held on August 3, 1984, but the PLCB did not issue an adjudication finding the charges substantiated and suspending the license until April 19, 1985. On appeal by the Licensee from that adjudication and order, the common pleas court found that the PLCB failed to sustain its burden of proof regarding the frequenting charge and the charge of allowing entertainers to come in contact with patrons. The trial court did find sufficient evidence to sustain the sales to minors charge but held that the PLCB had violated the Licensee's due process rights by waiting more than eight months from the hearing to issue its adjudication and suspension order in violation of Section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-471.[1] The court sustained the appeal and set aside the suspension.

---

[1] The PLCB also issued another citation in this case, No. 75-1984 charging licensee with sales to minors which was also appealed. At the *de novo* hearing the minors who had been subpoenaed by the PLCB failed to appear and the trial court refused to admit the transcript of the Board hearing into evidence on the grounds that the witnesses had not been proven to be unavailable. The trial court then dismissed the citation. The PLCB does not

In its appeal to this Court, the PLCB contends that the eight month delay in issuing the adjudication and suspension order is not violative of Section 471 nor of Licensee's due process rights, and that there was sufficient evidence to sustain the other charges. We address the Section 471 issue first, mindful, of course, that our scope of review, where the common pleas court has heard the appeal *de novo,* is limited to determining whether the common pleas court abused its discretion or committed an error of law and whether the adjudication and order of the PLCB was supported by substantial evidence. *Acorn Club of Swissvale v. Pennsylvania Liquor Control Board,* 93 Pa. Commonwealth Ct. 335, 500 A.2d 1296 (1985).

Section 471, paraphrased in pertinent part, provides that once a hearing on a citation is held, if the Board is "satisfied" that any such violation has occurred or for other sufficient cause, the Board shall *immediately* suspend or revoke the license or impose a fine. (Emphasis added.) There is no question that the PLCB suspension order was not forthcoming until more than eight months after the hearing. The PLCB's explanation of this delay is that it needed time to prepare its report, hold a duly constituted meeting and review the record, and then issue its order.

Due process requires that administrative proceedings be held in a timely manner in order to insure the availability of witnesses and witness recollection of events. *Worthington v. Department of Agriculture (State Horse Racing Commission),* 100 Pa. 183, 514 A.2d 311 (1986). Licensee relies on the case of *In Re: Jerry Bonner's, Inc., t/a Alice A's,* 34 Pa. D. & C. 3d 347 (C.P. Luzerne 1985) wherein the court found that the

appeal this dismissal and we do not reach the issue of whether the trial judge committed error in refusing to admit the transcript of an administrative hearing into evidence.

PLCB violated Section 471 and due process where it held a hearing on alleged Liquor Code violations on April 29, 1982, and did not issue its adjudication and suspension order until October 26, 1984, over two years later. The court made a specific finding that licensee's due process rights had been prejudiced by the two year delay because two of its former employees were now gone from the area and unavailable to testify for licensee in any possible appeal.

Due process violations are triggered by prejudice and we find none to the Licensee in the present case. The witnesses who failed to appear at the *de novo* hearing were the PLCB's. Their failure to appear hardly prejudiced Licensee in the presentation of its appeal. This Court has held in construing a parallel provision in Section 616(a)(1) of the Vehicle Code of 1959[2] compelling the Bureau of Transportation to "forthwith revoke" the license of a person convicted of driving while intoxicated that

> absent a showing of prejudice, the mere passage
> of time between defendant's conviction and the
> suspension of his operating privileges is not suf-
> ficient justification to set aside the action . . .

*Department of Transportation v. Lea,* 34 Pa. Commonwealth Ct. 310, 312, 384 A.2d 269, 270-271 (1978). *See also Jones v. Commonwealth,* 67 Pa. Commonwealth Ct. 429, 447 A.2d 694 (1982). The record establishes that the delay caused no prejudice to Licensee, and consequently we find no violation of due process.

With regard to the immediacy requirement of Section 471, we choose to view this provision as directory in nature, rather than mandatory. *Pennsylvania Liquor Control Board v. Silva,* 219 Pa. Superior Ct. 31, 275

---

[2] The Vehicle Code of 1959, Act of April 29, 1959, P.L. 58, *as amended,* formerly 75 P.S. §616(a)(1), repealed by the Act of June 17, 1976, P.L. 162.

A.2d 871 (1971). The PLCB must take action immediately once it is "satisfied" that a violation has occurred. A single PLCB member or hearing examiner cannot simply issue a license suspension or revocation order the instant the hearing is closed. Section 203 of the Liquor Code, 47 P.S. §2-203, provides that any action or order of the PLCB shall require the approval of at least two PLCB members. In *Commonwealth v. Seagram Distillers Corp.*, 379 Pa. 411, 109 A.2d 184 (1954) this language was construed as requiring a formal action taken at a duly constituted PLCB meeting to issue a valid order under Section 203. Sections 203 and 471 are in *pari materia*. So viewed, the immediacy requirement of Section 471, when considered in conjunction with the quorum requirement of Section 203, requires the PLCB to act on violation hearings at a duly constituted meeting following the hearing where a report of the proceedings is available for the PLCB's consideration. All this takes time, and while a two year delay between hearing and suspension as in *Jerry Bonner's, Inc.* may be unreasonable, an eight month delay, without prejudice to Licensee, is not.

Accordingly, we reinstate the citation for sales to minors that the trial court dismissed under Section 471 and turn our attention to the citations for frequenting by minors and allowing patrons to associate with entertainers that the trial court dismissed for lack of evidence.

The evidence presented to the court on the frequenting charge consisted of three minors who had been cited for underage drinking at Licensee's establishment on April 25, 1984. The first minor stated he may have been in Licensee's establishment before but could not remember any dates. He directly repudiated his signed patron statement that he had been served alcoholic beverages in the establishment on prior occa-

sions. Attempts to have the minor declared a hostile witness or to admit the statement into evidence were overruled. The second minor testified she had been served alcohol at least several times and had been in Licensee's establishment four or five times in 1984, but could not give specific dates. The third minor stated she had been in the establishment before, had been served alcohol on occasion, but could not remember any dates or times.

Frequenting means to visit often more than one or two visits. *Pennsylvania Liquor Control Board v. Beneficial and Protective Association of Lace Operatives of Philadelphia*, 67 Pa. Commonwealth Ct. 590, 447 A.2d 1092 (1982). The trial court committed error in holding that its standard of review was to "decide whether the evidence presented at the hearing *de novo* is sufficient to establish 'frequenting' as that term has been viewed by the courts." Trial Court Opinion at 7. The correct standard is whether there was sufficient evidence to sustain the PLCB's findings where no new evidence is presented at the *de novo* hearing. *Pennsylvania Liquor Control Board v. Palumbo*, 99 Pa. Commonwealth Ct. 73, 512 A.2d 108 (1986). We find sufficient evidence to sustain the frequenting charge. The trial court relies on *Appeal of Speranza*, 416 Pa. 348, 206 A.2d 292 (1965), but in that case the minors came into the establishment for cokes and pizza. In the present case the minors were cited for underage drinking. They testified alcohol had been served to them on prior occasions. We find the necessary specificity of names, dates and conditions surrounding the visits which *In Re: Appeal of Banks*, 53 Pa. Commonwealth Ct. 11, 416 A.2d 631 (1980) requires, and reinstate this citation.

Next, we turn our attention to the charge of improperly permitting entertainers to have contact with patrons. The evidence to support this charge is uncon-

tested. A PLCB enforcement officer observed several male dancers performing on the ballroom stage. The officer was handed a card by an employee advising her patrons were not allowed to touch the dancers. During the performance approximately 150 women from the audience approached the stage, each handing the performer a dollar bill and receiving a kiss in return. All of this was done in front of Licensee's bartender and waitresses who did nothing to either encourage or prevent the contacts. This court has held that a licensee permits a violation if he acquiesces by failing to prevent the violation. *Pennsylvania Liquor Control Board v. Althouse*, 94 Pa. Commonwealth Ct. 141, 503 A.2d 90 (1986). In failing to prevent 150 women from consorting with a male dancer in its ballroom, Licensee has acquiesced in the violation.

In summary, we find sufficient evidence to uphold all three of the violations contained in Citation No. 1513-1984. The trial court is reversed and the opinion and order of the PLCB is reinstated.

### ORDER

NOW, January 7, 1988, the Order of the Court of Common Pleas of Luzerne County at Docket No. 1004 of 1985, dated July 17, 1986, setting aside the suspension order of the Pennsylvania Liquor Control Board, is hereby reversed, and the order of the Pennsylvania Liquor Control Board is reinstated.