541 A.2d 423

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* S & B Restaurant, Inc., Appellee.

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* S & B Restaurant, Inc., Appellee.

Submitted on briefs March 21, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Eileen S. Maunus,* Assistant Counsel, with her, *Kenneth B. Skelly,* Chief Counsel, for appellant.

*Daniel G. Flannery,* with him, *Carl J. Steinbrenner, Rosenn, Jenkins & Greenwald,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, May 16, 1988:

Before the Court are two cases where the Pennsylvania Liquor Control Board (PLCB) has appealed the orders of the Court of Common Pleas of Luzerne County sustaining the appeals of S & B Restaurants, Inc., t/a The Woodlands, An Inn (Licensee) from two PLCB adjudications and orders, in one case fining and in the second case revoking the liquor license of Licensee for violations of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§1-101-795. The two cases involve identical parties and issues and have been consolidated for argument. Because we find that both cases are controlled by our prior decision in *Pennsylvania Liquor Control Board v. S & B Restaurants, Inc., (S & B I),* 112 Pa. Commonwealth Ct. 382, 535 A.2d 709 (1988), we reverse the order of the trial court in Case No. 2159 C.D. 1987 and reinstate the PLCB order revoking Licensee's license, but affirm the order of the trial court in Case No. 2187 C.D. 1987 on other grounds.

Case No. 2159 C.D. 1987 involves a PLCB citation for sales to minors issued on April 3, 1985. The trial court found that the PLCB presented sufficient evi-

dence to sustain this violation and that since this case was the third violation within a four year period, a suspension or revocation was required.[1] However, the trial court found that the nine month delay between the PLCB's hearing and decision violated the immediacy requirement of Section 471 of the Code, 47 P.S. §4-471, relying on a prior Luzerne County opinion, *Pennsylvania Liquor Control Board v. S & B Restaurants, Inc.* (No. 1004 of 1985, filed July 17, 1986). We reversed this decision in *S & B I,* holding that such a delay without prejudice to the licensee did not violate the immediacy requirement of Section 471. We must therefore reverse the trial court's order in the present case and reinstate the PLCB decision and order.

Case No. 2187 C.D. 1987 involves a PLCB citation issued August 21, 1985, for holding a contest without a PLCB permit and awarding alcohol as a prize. Once again the trial court held that the eight month delay between the PLCB's hearing and decision violated Section 471 of the Code. This decision is also in conflict with our holding in *S & B I.* But the trial court further concluded that holding a contest without a PLCB permit was permitted under the regulations then in effect and that the PLCB did not prove by a preponderance of the evidence that an alcoholic beverage had been awarded

---

[1] The trial court noted that the PLCB's penalty was based on three citations in the past four years: Citation Nos. 83-1231, 84-3410 and the present case. The trial court went on to note that since it had sustained an appeal on Citation No. 84-3410, the basis for the penalty was not correct. Since in *S & B I* we reversed the trial court and reinstated Citation No. 84-1514, and we reverse and reinstate the citation in the present case, three citations now exist. The trial court's opinion in Citation No. 84-3410, which held that a thirteen month delay between hearing and decision violated the immediacy requirement of Section 471, and which the PLCB did not appeal, is found at *S & B Restaurant, Inc. v. Pennsylvania Liquor Control Board,* 43 Pa. D. & C. 3d 79 (1986).

as a contest prize. The PLCB argues that Section 476 of the Code which permitted retail licensees to hold contests without first seeking a PLCB permit was repealed by the legislature on February 28, 1985, effective immediately, by P.L. 1, Nos. 1 & 2. This amendment also reinstated 40 Pa. Code §5.32(g) as the implementing PLCB regulation prohibiting the holding of contests without a PLCB permit. The contest at issue here was held on May 23, 1985. However, the reinstated 40 Pa. Code §5.32(g) was not published in the *Pennsylvania Bulletin* until November 2, 1985. Licensee cannot be held liable for the violation of a regulation that was not published until five months after the conduct in question occurred. The order of the trial court in this case will be affirmed.

ORDER

NOW, May 16, 1988, the order of the Court of Common Pleas of Luzerne County at Nos. 1003, 1004 of 1985, dated August 7, 1987, is hereby reversed and the order of the Pennsylvania Liquor Control Board is reinstated. The order of the Court of Common Pleas of Luzerne County at No. 2560 of 1986, dated August 17, 1987, is hereby affirmed.

ORDER

NOW, July 8, 1988, the order of this Court dated May 16, 1988, in the above captioned case is amended to read that the order of the Court of Common Pleas of Luzerne County at No. 2199 of 1986, dated August 10, 1987, is hereby reversed and the order of the Court of Common Pleas of Luzerne County at No. 2560 of 1986, dated August 17, 1987, is hereby affirmed.