The ORCHARDS CORPORATION,
Appellant

v.

PENNSYLVANIA STATE POLICE,
BUREAU OF LIQUOR CONTROL
ENFORCEMENT.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 6, 2002.

Decided Feb. 13, 2003.

Thomas J. Finucane, Chambersburg, for appellant.

John H. Pietrzak, Harrisburg, for appellee.

BEFORE: FRIEDMAN, Judge, SIMPSON, Judge, JIULIANTE, Senior Judge.

OPINION BY JUDGE SIMPSON.

The Orchards Corporation (Licensee) appeals an order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) (trial court) dismissing Licensee's appeal of the order of the Pennsylvania Liquor Control Board (Board), imposing a fine and sixteen day license suspension upon Licensee for Liquor

Code[1] violations. We affirm.

On July 24, 1999, Officer Jerome T. Botchie of the Bureau of Liquor Control Enforcement (Bureau) was assigned to a group of state and local police officers conducting "bar sweeps" in Franklin County. In response to a noise complaint, officers proceeded to the Orchard Restaurant (Restaurant), Licensee's establishment. Officer Botchie heard loud music emanating from the Restaurant upon arrival. The officers entered the patio area of the Restaurant and observed a young woman holding an alcoholic beverage. The officers approached the woman and determined she was a minor. As the officers spoke to her, a male patron began to interfere. When an officer asked the patron to back away, he became belligerent, and a Bureau officer led him to the exit. The owner of the Restaurant grabbed the officer by the arm to prevent removal of the patron, and an altercation ensued. Shortly thereafter, another officer arrived and restrained the owner.

A few days later, Officer Botchie contacted local police and obtained the identity of the noise complainant. Over the next month, he attempted to contact the complainant several times to gather more information, but to no avail. In late September 1999, Officer Botchie finally contacted the complainant. Additionally, in October 1999, Officer Botchie learned the patron who initiated the altercation was found guilty of public drunkenness.

Officer Botchie also contacted state police to determine if criminal charges were filed against the owner of the Restaurant. The officer involved in the altercation explained charges had not been filed yet because he was awaiting a statement from an officer who assisted him during the altercation. After several attempts to obtain a copy of the charges, Officer Botchie finally received a copy on November 15, 1999. On that date, he closed the investigation.

On December 1, 1999, the Bureau sent Licensee a violation notice. Thereafter, the Bureau issued a citation charging Licensee with six violations.[2] At a hearing before an Administrative Law Judge (ALJ), Licensee presented no specific defenses to the evidence presented by the Bureau. After the hearing, Licensee moved to dismiss the citation, alleging the Bureau failed to comply with the notice requirement of Section 471(b) of the Liquor Code, 47 P.S. § 4–471(b) (requiring Bureau to send violation notice within 30 days of completing an investigation). More specifically, Licensee asserted the Bureau completed its investigation on July 25, 1999 and no activity after that date yielded information about the violations.

■ Ultimately, the ALJ denied Licensee's motion to dismiss and sustained five of the six counts charged. The ALJ concluded the December 1, 1999 violation notice was timely because the Bureau's investigation was ongoing until November 15, 1999. Licensee appealed and the Board affirmed. On appeal, the trial court

---

**1.** Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§ 1–101–9–902.

**2.** The citation charged Licensee with violations for: (1) furnishing or giving alcoholic beverages to a minor; (2) interfering with a *Liquor Control Enforcement* Officer in the performance of his *duties;* (3) interfering with police officers in the performance of their duties; (4) using a loudspeaker or other device whereby the sound of music could be heard outside; (5) obstructing administration of the law or other governmental function; and (6) engaging in disorderly conduct, harassment and stalking on the licensed premises.

found Officer Botchie's credible testimony confirmed the investigation was ongoing until November 15, 1999. Accordingly, the trial court concluded the notice was timely. Licensee now appeals to this Court.[3]

■ On appeal, Licensee asserts the trial court erred in concluding the Bureau's investigation was ongoing because the Bureau had the information it needed to complete its investigation in July 1999. Thus, Licensee maintains the December 1, 1999 notice was untimely.

The notice provision of Section 471(b) of the Liquor Code provides, "[n]o penalty provided by this section shall be imposed for any violations provided for in this act unless the bureau notifies the licensee of its nature within thirty days of the completion of the investigation." 47 P.S. § 4–471(b).

In *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. McCabe,* 163 Pa.Cmwlth. 11, 644 A.2d 1270 (1994) we noted the Liquor Code does not define the term "investigation" or explain when an investigation is deemed complete for purposes of Section 471(b). However, we stated the notice provision only makes sense if the "investigation" refers to the activity of the Bureau which uncovered the violation of which the licensee must be notified. *Id.* We also explained it is not necessary for the Bureau to prove continuous investigatory activity from the beginning of an investigation until 30 days before notice is served. *Id.*

Licensee relies on *Pennsylvania Liquor Control Bd. v. Gatling Saloon and Dance Hall Corp.,* 98 Pa.Cmwlth. 377, 511 A.2d

272 (1986). In *Gatling,* officers observed violations on two occasions. No further investigative activity occurred for over a month. When an officer next visited the premises, it was not open. Shortly thereafter, the Board sent a violation notice. The trial court determined the investigation was completed after the last productive visit and could not be characterized as ongoing. As such, the trial court deemed the notice untimely. We agreed, stating the trial court's finding was a factual determination, *not* a legal rule articulating that all investigations terminate on the date a violation was last observed.

Licensee's reliance on *Gatling* is misplaced. Here, Officer Botchie continuously attempted to contact the noise complainant. In addition, he persistently contacted state police to determine if criminal charges were filed. He testified that it is Bureau procedure to wait for filing of criminal charges, so as to incorporate them into the administrative charges, before closing an investigation. The trial court found this testimony credible and supportive of an ongoing investigation.

Our decision in *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Prekop,* 156 Pa.Cmwlth. 250, 627 A.2d 223 (1993) is helpful. In *Prekop,* an officer visited the licensed premises on two occasions. On his first visit, he observed two violations. Five weeks later, on his second visit, he observed no violations. Thereafter, the Board issued a violation notice. The licensee argued the notice was untimely because it was issued more than 30 days after the violation occurred. The ALJ, however, found it was the officer's

---

3. Our review is limited to determining whether the trial court committed an error of law or an abuse of discretion and whether its findings are supported by substantial evidence. *Pennsylvania Liquor Control Bd. v. McKeesport Beer Distrib., Inc.,* 120 Pa. Cmwlth. 554, 549 A.2d 256 (1988).

standard procedure to visit an establishment twice before issuing a citation. As a result, the ALJ made a factual finding that the investigation was ongoing. Based on these findings, we held the notice was timely.

As in *Prekop,* here the trial court found the officer made continuous attempts to gather information related to the violations. In addition, the trial court found it is Bureau procedure to wait for criminal charges to be filed to incorporate them into administrative charges. Thus, the trial court found the investigation was ongoing. These findings are supported by substantial evidence. Therefore, we discern no error from the trial court's determination that the violation notice was timely.[4]

Accordingly, we affirm.

### *O R D E R*

AND NOW, this 13th day of February, 2003, the order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) is hereby affirmed.

---

4. Moreover, Licensee does not explain how the Bureau's prolonged investigation interfered with its ability to prepare an adequate defense.