Pittsburgh Outdoor Advertising, Inc., Appellant *v.* Zoning Hearing Board of the Municipality of Monroeville, Appellee.

Argued May 4, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, MACPHAIL and DOYLE.

*Victor R. Delle Donne, Baskin and Sears, P.C.,* for appellant.

*Lee R. Golden,* with him *John D. Finnegan* and *John M. Silvestri,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 16, 1982:

The Allegheny County Common Pleas Court affirmed a Monroeville Zoning Hearing Board (Board) order directing Pittsburgh Outdoor Advertising, Inc. (Pittsburgh), to remove a billboard. Pittsburgh appeals. We vacate and remand.

Pittsburgh purchased a thirty-two-acre tract in 1968.[1] The sign in question had been on the property since at least 1960.[2] After Pittsburgh applied for a use variance to construct an additional sign on the property,[3] the zoning officer ordered Pittsburgh to

---

[1] Pittsburgh testified at the hearing that the land served no other useful function except for the placement of billboards, and this was the only reason it purchased the land.

[2] There is conflicting evidence in the record as to when the sign was erected. There is testimony that a construction permit for the sign was issued in 1949. There is also evidence which indicates that the sign was constructed in either 1958, 1959 or 1960.

[3] This use variance application was denied, but that denial is not at issue here.

remove the existing sign, as a *non-conforming* use, it violated the 1971 ordinance[4] which required that all non-conforming signs be removed within five years of the effective date of the ordinance. Pittsburgh appealed to the Board and raised the issue of the constitutionality of the ordinance. At the hearing, the Board found that the sign was *illegal,*[5] rather than non-conforming, thus avoiding the constitutional issue. The common pleas court, without taking additional evidence, held that Pittsburgh had failed to prove the existence of a legal non-conforming use.

The Board first determined the sign to be *illegal* during the hearing on Pittsburgh's appeal. Pittsburgh, having been informed by Monroeville's zoning officer that the sign constituted a *non-conforming* use,[6] was not on notice prior to the hearing that it would have to *prove* the sign's legal non-conforming use status. Also in dispute at the hearing was whether the 1951 ordinance or the 1962 ordinance

---

[4] The Monroeville Zoning Ordinance of 1971 provides in part: *Section 1411 Elimination of Non Conforming Signs*: It is the intent of this section to recognize that the eventual elimination, as expeditiously as is reasonable, of existing signs that are not in conformity with the provisions of this Article, is as much a health, safety and welfare as is the prohibition of new signs that would violate the provisions of this Article.
*Section 1411-1* Within five (5) years of the date of the passage into law of this section of the Ordinance all non-conforming signs shall be removed or made to conform to the requirements of this ordinance.

[5] An illegal sign, in zoning parlance, is one which is erected in direct conflict with an existing ordinance and has no legal founddation to remain.

[6] The Monroeville zoning officer notified Pittsburgh, by correspondence dated March 13, 1978, that the sign in question was *non-conforming* and, as such, must be removed in accordance with Section 1411-1 of the zoning ordinance. *See* footnote 4.

would apply to the sign,[7] an issue not decided below. Moreover, if the 1951 ordinance is found to apply (thereby establishing the sign's status as *illegal*), the issue of whether an ilegal use becomes a variance by estoppel[8] must be addressed.

Our scope of review where the trial court takes no additional evidence is limited to the determination of whether the Board abused its discretion or committed an error of law. *Appeal of Buckingham Developers, Inc.,* 61 Pa. Commonwealth Ct. 408, 433 A.2d 931 (1981). Here, the Board erred by considering an issue not raised until the hearing, thus depriving Pittsburgh of the opportunity to prepare its position. We now vacate the order of the common pleas court and remand for proceedings not inconsistent with this Opinion. If the use is found to be non-conforming, the constitutionality of the 1971 ordinance must then be determined.[9]

We vacate and remand.

---

[7] If the 1951 ordinance is found to apply, the sign would be *non-conforming,* as the construction of the sign would have predated the applicable ordinance. If, however, the 1952 ordinance is determined to apply, the sign would constitute an *illegal* use if the billboard had been erected subsequent to the effective date of the ordinance.

[8] The Pennsylvania Supreme Court in *Sheedy v. Philadelphia Zoning Board of Adjustment,* 409 Pa. 655, 187 A.2d 907 (1963), held that (1) when an illegal use exists for a long period of time; (2) the municipality has assented to the use by its action or inaction; and (3) the use's elimination would result in a severe economic hardship to the owner due to the unique nature of the use, a variance by estoppel would result. Although the originator of the illegal use cannot claim entitlement to a variance by estoppel, Pittsburgh was *not* the owner of the property when the sign was initially constructed.

[9] If this issue is reached, the Board and common pleas court are directed to review *Metromedia, Inc. v. City of San Diego,* 453 U.S. 490, 69 L.Ed. 800, 101 S.Ct. 2882 (1981), for guidance in determination of the constitutionality of the ordinance.

### ORDER ·

The Allegheny County Common Pleas Court order, No. S.A. 773 of 1978 (Zoning Appeal), dated October 12, 1980, is hereby vacated and remanded for proceedings not inconsistent with this Opinion.