In Re: Resettlement of Account of Harry Wallick, Clerk of the Court of Common Pleas, Northumberland County, Pennsylvania.

Argued November 18, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Charles H. Saylor,* with him *Roger V. Wiest, Wiest, Wiest & Saylor,* for appellant.

*Vincent J. Dopko,* Deputy Attorney General, for appellee.

OPINION BY JUDGE BLATT, March 2, 1983:

In this appeal, the Clerk of the Court of Common Pleas of Northumberland County (petitioner) argues that the Board of Finance and Revenue erred in determining that the Commonwealth, and not Northumberland County, was entitled to the sum of $3,370.79, this money having been paid by individuals in the County who had either pleaded guilty or been found guilty of violating various provisions of the Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §§101-2521, repealed by the Act of June 17, 1976, P.L. 162.[1] The dispute arose when the Auditor General conducted an audit of the petitioner's office for the period from January 4, 1971 to January 2, 1972, and the Commonwealth held that this audit revealed a balance due it under former Section 1301(a) of the Vehicle Code, 75 P.S. §1301(a),[2] which provided in pertinent part:

*All* fines and penalties collected under the provisions of this act for violations of the same,

---

[1] The Vehicle Code is now found at 75 Pa. C. S. §§101-9301.

[2] The relevant provision concerning fines imposed upon violations of Title 75 are now found in Section 3571 of the Judicial Code, 42 Pa. C. S. §3571.

and all bail forfeited under said provisions, shall be paid to the department, and *transmitted to the State Treasury,* and credited to the "General Fund," except those collected for violations of the provisions of sections 903, 905, 1002, 1011, 1015, 1016, 1019, 1021, 1028, 1030, 1042 and 1043 of this act, committed within cities, boroughs, incorporated towns and townships, other than those committed on interstate highways and the Pennsylvania Turnpike and extensions, which fines and penalties and all bail forfeited shall be paid to the treasurer of the city, borough, incorporated town or township, wherein the violation occurred, and except those collected for violations of the provisions as to weight, which fines, penalties and forfeited bail shall be paid to the treasurer of the city, borough, incorporated town or township wherein the violation occurred. All such fines and penalties collected for violations of section 1002 committed anywhere on interstate highways and the Pennsylvania Turnpike and extensions shall be paid to the department and transmitted to the State Treasury and credited to the Motor License Fund. All moneys paid to any such city, borough, incorporated town or township, under the provisions of this section shall be used for the construction, repair and maintenance of the highways thereof: Provided, That all fines and penalties collected, and all bail forfeited for violations of the provisions of section 1037 shall be paid to the treasurer of the *county* wherein the violation occurred, to be used by such county for the payment of physicians' fees for the examination of persons accused of violating the provisions of the said section. *Any balance remaining in the treasury of the county at the expiration of*

*the calendar year* and not payable for physicians' services rendered, shall be used for county highway and bridge purposes.

The petitioner argues that even in the case of a violation of the Vehicle Code, the Court in the County concerned has the power to provide that "fines" may be "for the use of the County". It relies on Section 1 of the June 19, 1911 (Act of 1911), P.L. §1055, *as amended, formerly* 19 P.S. 1051, repealed by the Act of April 28, 1978, P.L. 202, which provided in pertinent part:

Whenever any person shall be convicted in any court of this Commonwealth of any *crime,* except murder, administering poison, kidnapping, incest, sodomy, buggery, rape, assault and battery with intent to ravish, arson, robbery, or burglary, and it does not appear to the said court that the defendant has ever before been imprisoned for crime, either in this State or elsewhere (but detention in an institution for juvenile delinquents shall not be considered imprisonment), and where the said court believes that the character of the defendant and the circumstances of the case such that he or she is not likely again to engage in an offensive course of conduct, and that the public good does not demand or require that the defendant should suffer the penalty imposed by law, *the said court shall have power to suspend the imposing of the sentence, and place the defendant on probation for a definite period,* on such terms and conditions, including *the payment of money for the use of the county,* not exceeding, however, the fine fixed by law for conviction of such offense, as it may deem right and proper; said terms and conditions to be duly entered of record as a part of the judgment of the court in such case. No

such condition for the payment of money shall be considered as the imposition of a fine or a sentence nor prevent the court from thereafter sentencing any defendant under the act under which he or she was convicted, upon violation of his or her parole. (Emphasis added.)

Before us, therefore, the question to be determined is whether the Commonwealth is entitled to the fines, under former Section 1301(a) of the Vehicle Code, or whether the county is entitled to the fines under Section 1 of the Act of 1911. The issue is one of statutory construction, and, keeping in mind that the polestar of statutory construction is to ascertain and effectuate the intention of the General Assembly, Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(a); we believe that the Commonwealth's argument must prevail.

Former Section 1301(a) of the Vehicle Code sets forth in a clear and unambiguous manner the *specific* entitlement to fines collected as a result of violations of the Code. Inasmuch as this section of the Vehicle Code was a more particular statute, dealing solely with the disposition of fines collected as a result of the Vehicle Code violations, it controls over the general provisions of the Act of 1911. Section 1933 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1933. Moreover, Section 1301(a) of the Vehicle Code, was also a more recent pronouncement of the law, and for this reason it also controls over the earlier provisions of the Act of 1911. Section 1936 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1936.

Inasmuch as counsel for both parties have stipulated[3] that "if this Court finds totally in favor of the Commonwealth, then it is agreed that judgment shall be entered in favor of the Commonwealth and the ac-

[3] The stipulation is found in the "Stipulation of Facts" entered into by both parties on July 27, 1982, and is part of the record.

count for the above period shall be as follows: $3,-307.79 plus interest at the rate of 12% from September 14, 1972, to the date of payment as per the Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §904'', we will enter an order in accord with this stipulation.

### ORDER

AND Now, this 2nd day of March, 1983, the determination of the Board of Finance and Revenue in the above-captioned matter is hereby affirmed.

Unless exceptions are filed within 30 days, judgment shall be entered in favor of the appellee, the Commonwealth of Pennsylvania, and against the appellant, the Clerk of the Court of Common Pleas of Northumberland County, in the amount of $3,307.79 plus interest at the rate of 12% per annum from September 14, 1972 to the date of payment.