68

In Re: The Appeal of M.G.H. Enterprises From the Decision of the West Cocalico Township Zoning Hearing Board. M.G.H. Enterprises, Appellant.

Argued May 2, 1984, before Judges WILLIAMS, JR., BARRY and PALLADINO, sitting as a panel of three.

*James H. Thomas, Wenger, Byler & Thomas,* for appellant.

*Larry B. Maier,* with him, *Charles W. Sheidy,* for appellee.

OPINION BY JUDGE BARRY, September 5, 1984:

M.G.H. Enterprises (appellant) appeals an order of the Court of Common Pleas of Lancaster County affirming a decision of the West Cocalico Township Zoning Hearing Board (Board) which denied its application for a special exception.

Appellant, the owner of an 18.62 acre tract of land located at the northwest intersection of Girl Scout Road and West Girl Scout Road in West Cocalico Township, proposes to construct and operate a forty-unit mobile home park on that site. This particular tract of land is zoned R-300 residential. Mobile home parks are permitted by special exception. Appellant's application for a special exception, however, was denied by the Board on November 15, 1982. The Court of Common Pleas of Lancaster County affirmed the Board's decision on October 6, 1983. This appeal followed.

Where, as here, the trial court takes no additional evidence, our scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *Pittsburgh Outdoor Ad-*

*vertising, Inc. v. Zoning Hearing Board,* 70 Pa. Commonwealth Ct. 395, 453 A.2d 367 (1982).

It is one of appellant's contentions that its application should be deemed approved because the Board failed to give timely notice of its decision. It is agreed that the final hearing was held on October 18, 1982, the Board orally announced its decision on November 15, 1982. Written notice of that decision was mailed on November 19, 1982. Appellant argues that the Board failed to meet the forty-five day requirement set forth in Section 908(9) of the Pennsylvania Municipalities Planning Code[1] (MPC) because its written notice of November 19, 1982, although clearly within forty-five days of the final hearing, should be viewed by this Court as a *nullity*. Appellant's basis for this argument is Section 908(10) of MPC which states that a copy of the final decision shall be delivered to the applicant not later than a day following the decision. While it is true that the Board violated this section, it is well established that this time limit is directory rather than mandatory. *Heisterkamp v. Zoning Hearing Board, City of Lancaster,* 34 Pa. Commonwealth Ct. 539, 383 A.2d 1311 (1978). Therefore, by mailing written notice of the decision on November 19, 1982, the Board provided appellant with timely notice.

Appellant next argues that it met its burden of proof in showing that its proposal complied with every specific requirement of the zoning ordinance and that the Board committed a legal error in considering sight distances[2] and traffic standards in denying its application.

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10101-11202.

[2] Section 203.79 of the Lancaster County Subdivision and Land Development Ordinance of 1977 defines "sight distance" as "[t]he length of road visible to the driver of a passenger vehicle at any given point in the road when viewing is unobstructed by traffic."

An applicant seeking a special exception bears the burden of presenting evidence which will persuade the Board that the proposal complies with all of the objective requirements contained in the ordinance. *Lake Adventure, Inc. v. Dingman Township Zoning Hearing Board,* 64 Pa. Commonwealth Ct. 551, 440 A.2d 1284 (1982). Once that has been accomplished, the burden then shifts to the objectors who must show that the proposal would be detrimental to the public health, safety and welfare. *Bray v. Zoning Board of Adjustment,* 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980).

It is clear from a reading of the entire record that appellant did not meet its initial burden. Article XI, Section 1111(3) of the West Cocalico Township Zoning Ordinance of 1970 requires that a proposal for a special exception for a mobile home park contain provisions for screening, such as fences or natural growth, which will separate the mobile home park from the adjacent properties.

Although Mr. Ronald Dalla, a witness for the appellant, testified that he imagined some provisions would be made in the future to provide screening, the fact is that the proposal as submitted to the Board, did not provide for any screening.

We also find that the Board properly considered sight distance and traffic conditions in deciding whether to grant the application. The West Cocalico Township Zoning Ordinance of 1970 requires that the Board consider certain general safety conditions when granting a special exception. More specifically, Article XIX, Section 1903 states that the Board shall determine that:

3. Points of vehicular access to the lot are provided at a distance from intersections and other points of access and in number sufficient

to prevent undue traffic hazards and obstruction to the movement of traffic.

4. The location of the site with respect to the existing public roads giving access to it is such that the safe capacity of the public roads is not exceeded by the estimated traffic attracted or generated by the proposed use and that the traffic generated or attracted is not out of character with the normal traffic using said public roads.

. . . .

6. The proposed use is not incompatible with the existing traffic conditions and adjacent uses.

. . . .

8. Screening of the proposed use from adjacent uses is sufficient to prevent the deleterious impact of the uses upon each other.

The only remaining issue for our review is whether the Board abused its discretion in concluding that applicant failed to comply with these four specific provisions of Section 1903. An abuse of discretion is committed if the Board's findings are unsupported by substantial competent evidence. *West Whiteland Township v. Sun Oil Co.*, 12 Pa. Commonwealth Ct. 159, 316 A.2d 92 (1974).

Richard A. Huxta, a traffic engineer, gave expert testimony that the proposed mobile home park would create a traffic hazard; his opinion was mainly based on the issue of sight distance. After conducting several tests he concluded that a safe sight distance for that particular location would be 740 feet. Appellant points out that the actual sight distance at this location is 350 feet and this is in excess of the 300 feet which the Lancaster County Subdivision and Land

Development Ordinance of 1977, Section 602.12(2) requires.

We note that the section just cited sets 300 feet as a *minimum* requirement and this certainly does not exclude the possibility that under certain conditions, as the Board found to exist here, a much longer distance will be required in order to render a specific road safe.

Based on the foregoing we find that the Board did not abuse its discretion and, therefore, affirm its decision.

### ORDER

Now, September 5, 1984, the order of the Court of Common Pleas of Lancaster County entered October 6, 1983, Trust Book No. 48, page 130, is hereby affirmed.

Judge WILLIAMS, JR. concurs in the result only.