Stephen C. Olsovsky and Elizabeth Olsovsky, Appellants v. Zoning Hearing Board of the City of Allentown and William E. Capkovic, et al., Appellees.

Argued November 14, 1985, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Richard J. Orloski, Calnan & Orloski, P.C.,* for appellants.

*James G. Kellar,* with him, *Emil Kantra* and *Joseph Rosenfeld, Kellar & Kantra,* for intervenors, Fred Shareff and Thermal Seal Window Corporation, Inc.

OPINION BY JUDGE CRAIG, December 12, 1985:

Objectors Stephen C. and Elizabeth H. Olsovsky appeal from an order of the Court of Common Pleas of Lehigh County which, affirming the decision of the Zoning Hearing Board of the City of Allentown, granted the application of Thermal Seal Window Corporation, Inc., and Fred Shareff (landowner) to con-

struct a second floor addition to an existing one-story building located adjacent to the objectors' residence.

The landowner and Thermal Seal filed the application to construct the second floor addition under section 2803(2) of the Allentown Zoning Ordinance which pertains to additions or enlargements of non-conforming structures:

A non-conforming structure may be reasonably enlarged or extended to provide for natural expansion thereof to accommodate increased trade, business or industry, provided that such enlargement or extension shall not in any case be detrimental to or tend to alter the character of the neighborhood and that a permit therefore [sic] be granted by the Zoning Hearing Board.

Because that ordinance provision empowers the board to grant an approval pursuant to a stated standard, it constitutes a special exception provision under section 913 of the Pennsylvania Municipalities Planning Code.[1] "The important characteristic of a special exception is that it is a conditionally permitted use, legislatively allowed if the standards are met." *Bray v. Zoning Board of Adjustment*, 48 Pa. Commonwealth Ct. 523, 527, 410 A.2d 909, 911 (1980).

The issue is whether the board abused its discretion or committed an error of law when it decided that the requested second floor addition would not be detri-

---

[1] Section 913 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10913. The section reads in part:

Board's function; Special Exceptions.—Where the governing body in the zoning ordinance, has stated special exceptions to be granted or denied by the board pursuant to express standards and criteria, the board shall hear and decide questions for special exceptions in accordance with such standards and criteria.

mental to or tend to alter the character of the neighborhood.[2] We believe that the board acted appropriately.

The building in question is a one-story concrete facility located in a limited industrial zone, the definition of which is not in the record. That building serves as the executive offices and corporate headquarters of Thermal Seal, and also functions as a local warehouse, storing and distributing windows to subcontractors. The proposed second-story addition would accommodate a new computer center as well as four to six additional office employees. The addition would not affect either the hours of operation or the non-office activities. The proposed computer center is a permitted use.

The industrial district zoning ordinance in effect when the building was constructed contained no setback requirements. The limited industrial district zoning ordinance now in effect requires a sideyard setback requirement of eight feet. The building is a structure nonconforming as to the sideyard requirement because it is situated only five feet from the property line.

The board had to decide whether the proposed addition could be built flush with the nonconforming northern bearing wall of the existing building or whether the second floor should be set back an additional three feet to conform with the present eight feet sideyard setback requirement.

The board determined that the proposed addition was a natural expansion of Thermal Seal's business which would not present a burden to the adjoining

---

[2] Where, as here, the trial court did not receive additional evidence, this court's scope of review is limited to determining whether the board abused its discretion or committed an error of law. *Angle v. Zoning Hearing Board of Dormont*, 83 Pa. Commonwealth Ct. 52, 475 A.2d 1371 (1984).

residential properties because those residences were located in a limited industrial area and were nonconforming as to use. Additionally, the board determined that the addition would involve no nuisance characteristics such as noise, dust, odors or smoke.

The objectors attack the board's findings by contending that "the character of the entire neighborhood will be changed from residential to commercial." However, although the existing building borders a residential area, it is located in a light industrial district. The board considered the fact that "many other industrial and commercial establishments are located in the surrounding area"[3] and that the construction would otherwise conform to the zoning ordinances. Consequently, the board did not abuse its discretion in finding that the requested addition would not alter the character of the neighborhood. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

The objectors also contend that the board should have denied the application because the landowner failed to present a documented plan of the required twenty-two-car parking area. The landowner offered an architect's testimony that the facility would provide a twenty-five-car parking area. The board approved the application upon the condition that the parking area be realigned to provide a minimum of twenty-two parking spaces. The objectors argue that the board's decision to grant the application conditionally denies them of the opportunity for judicial review of the adequacy of the parking plan. Because the objectors can appeal any later final approval of the parking plan, they will not be denied an opportunity for judicial review.

---

[3] The decision of the Zoning Hearing Board of the City of Allentown, Finding of Fact No. 25.

Finally, the objectors argue that the landowner did not sustain the heavy burden applicable to obtaining a variance. However, because—as noted above—this case involves an application for a special exception and not for a variance, the board applied the appropriate criterion, which was the standard set forth in the ordinance.

Moreover, as the trial judge noted, this application for an upward expansion of the nonconforming structure is similar to the situation in *In Re: Yocum,* 393 Pa. 148, 141 A.2d 601 (1958), where the Supreme Court ruled that the addition of a second floor, in line with a nonconforming frontyard wall of the existing structure, was not a violation of the setback requirement.

Accordingly, we affirm the order of the Court of Common Pleas of Lehigh County.

ORDER

Now, December 12, 1985, the order of the Court of Common Pleas of Lehigh County at No. 84-C-1435 of 1984, dated March 4, 1985, is affirmed.