## In re Appeal of Dr. Loyde H. Hartley from the Decision of the Zoning Hearing Board of the City of Lancaster

*James R. McManus III, assistant district attorney,* for city of Lancaster.

*Anthony P. Schimaneck,* for appellant.

ECKMAN, *P.J.,* August 6, 1986—Presently before the court is the appeal from the decision of the zoning hearing board of the city of Lancaster filed

by appellant, Dr. Loyde H. Hartley.

Appellant is the owner of properties located on each side of the street at 534 and 543 West Spruce St., Lancaster, Pa. In each property he seeks to maintain a "bachelor unit," i.e. — a housekeeping unit occupied by three or more unrelated persons. The Lancaster City Zoning Ordinance regulates bachelor units. Specifically, appellant is required by ordinance to provide additional off-street parking within 300-feet walking distance of the premises located at 534 West Spruce St., permission for which must be obtained by special exception. Appellant seeks to add two additional parking spaces behind the existing building on the property located at 543 West Spruce St. to accommodate the proposed bachelor unit at 534 West Spruce St. Access to the spaces would be accomplished by means of a 10-foot-wide common alley adjacent to 543 West Spruce St. This alley is perpendicular to and intersects another alley at the rear of the property.

On May 10, 1985, appellant filed an application for zoning approval of the parking spaces he proposes to provide. This application was denied because approval for off-premises parking must be obtained by special exception. Appellant appealed to the zoning hearing board.

A public hearing was held on June 4, 1985. On July 11, 1985, the board issued a written decision denying appellant's request and noting:

"[T]he parking space would be along an extremely narrow alley. Based upon the evidence presented to the board and the board's knowledge of the site, appellant has not demonstrated that the spaces can in fact physically function as off-street parking in accordance with zoning ordinance standards."

Notice of the board's decision was sent to appellant on July 12, 1985. On August 8, 1985, appellant filed the instant appeal.

The city of Lancaster has intervened in this matter on behalf of the board.

Appellant first contends that the board abused its discretion or erred as a matter of law by denying his request for a special exception to provide off-street parking within 300 feet of the premises located at 534 West Spruce St.

The law is clear:

"An applicant seeking a special exception bears the burden of presenting evidence which will persuade the board that the proposal complies with all the objective requirements contained in the ordinance. *Lake Adventure Inc. v. Dingman Township Zoning Hearing Board,* 64 Pa. Commw. 551, 440 A.2d 1284 (1982). Once that has been accomplished, the burden then shifts to the objectors who must show that the proposal would be detrimental to the public health, safety and welfare. *Bray v. Zoning Board of Adjustment,* 48 Pa. Commw. 523, 410 A.2d 909 (1980). *M.G.H. Enterprises Appeal,* 85 Pa. Commw. 68, 71, 480 A.2d 394 (1984).

Appellant maintains that the uncontroverted testimony presented at the hearing demonstrates that his proposal complies with location, size and setback requirements for parking facilities set forth in the ordinance and therefore establishes his right to a special exception. No testimony having been presented to show that the proposal would be detrimental to the public health, safety and welfare, appellant argues that the board's denial of his request constituted error. We disagree.

A review of the record reveals that appellant did not meet his initial burden. Section 122.5 of the

zoning ordinance for the city of Lancaster[1] states, inter alia:

"Before any special exception shall be issued, the zoning hearing board shall make written findings certifying compliance with the specific rules governing individual special exceptions and that satisfactory provision and arrangement has been made concerning the following, where applicable:

"(a) Ingress or egress to property and proposed structures thereon with particular reference to automotive and pedestrian safety and convenience, traffic flow and control, and access in case of fire or catastrophe;

"(b) Off-street parking and loading areas where required, with particular attention to the items in (a) above and the economic, noise, glare or odor effects of the special exception on adjoining properties generally in the district;

"(c) Refuse and service areas, with particular reference to the items in (a) and (b) above;

"(d) Utilities, with reference to locations, availability and compatibility;

"(e) Screening and buffering with reference to type, dimensions and character;

"(f) Signs, if any, and proposed exterior lighting with reference to glare, traffic safety, and compatibility and harmony with properties in the district;

"(g) Required yards and other open space;

"(h) General compatibility with adjacent properties and other property in the district."

Instantly, the board determined that appellant had not met his burden of proof in the following particulars:

---

1. Zoning ordinance for the city of Lancaster, no. 3-1973, adopted February 27, 1973, as amended in October 1984; section 122 Special Exceptions: Conditions Governing Applications: Procedures.

(a) Automobiles cannot access the parking spaces in a safe and convenient manner due to the tight turning radius at the intersection of the two alleyways, as well as the narrow width of alleyways.

(b) Access to the parking space in case of fire or catastrophe could not be accomplished safely due to the tight turning radius at the intersection of the two alleyways as well as the narrow width of the alleyways.

(c) The alleyways have been blocked on numerous occasions which creates a safety hazard and prevents ingress and egress to the parking space.

(d) During the winter season, ingress and egress to the parking space is prevented due to the deposit of snow in the alleyways.

It is well settled that it is not the court's duty to substitute its own interpretation of the evidence presented at the hearing for that of the board. *Snyder et al v. Railroad Borough,* 59 Pa. Commw. 385, 430 A.2d 339 (1981). Where no additional evidence is accepted by the court of common pleas, as in the present situation, the reviewing court's scope of review is limited to a determination of whether the board abused its discretion or erred as a matter of law. *Olsovsky v. Zoning Hearing Board of City of Allentown,* 93 Pa. Commw. 442, 501 A.2d 358 (1985). The board may be found to have abused its discretion only if its findings are not supported by substantial evidence. *Valleyview Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id., 501 Pa. at 555.

A review of the record reveals the following testimony from neighbors residing in the vicinity of the proposed parking pad. Linda Sherthe expressed concern about snow buildup and the need for its removal from the parking pads and adjacent alleyway during the winter. Diane Dombach stated that there is no place to go with the snow on Spruce St. and that over the years snow has been pushed into those seldom used alleys to get it off the street. If the snow were to be removed from the alleys, it would have to be taken away in trucks which would be difficult to accomplish because of uneasy access. David Krantz, Marjorie Herrold and Mr. Meekins noted that an abandoned car blocked the common alley for a period of six months in the past and complained that the alley is now constantly blocked by the car(s) of one or more of the many students that have lived or presently live on the premises. In either event, use of the common alley and access to adjacent properties is obstructed. Richard Norris and David Krantz noted that, notwithstanding the fact that the parking pad itself has the legal footage, access to and manipulation of an automobile within the pad will be difficult because of the narrow width of the alleyways and in the event a full-sized automobile is used. Other neighbors also present at the hearing, Bill Perry, Loretta Ezard, Theresa Woodruff and Jim Smucker, expressed additional objections to the proposal.

The record is further supplemented by the board members' personal knowledge of the site. See *Leaman Transportation Corporation et al. v. Public Utility Commission,* 153 Pa. Super. 303, 33 A.2d 721 (1943) (administrative bodies may take judicial notice of matters of common knowledge); *In re Appeal of East Lampeter Associates Inc.,* 69 Lanc. L. Rev. 275 (1984). The testimony of the board

chairwoman, Nancy Neff, corroborated the testimony of Richard Norris and David Krantz and noted the difficulty in accessing the parking pad in light of the narrow width of the adjacent alleyways.

A review of the above testimony reveals that the board's findings and conclusion are amply supported by the testimony of neighbors and are supplemented by the board members' personal knowledge of the site. Hence, we find no error of law or abuse of discretion in the board's denial of appellant's request for a special exception to provide off-street parking within 300 feet of the premises located at 534 West Spruce St. *Valleyview Civic Association v. Zoning Board of Adjustment,* supra.

Appellant next contends that his application should be deemed approved due to the board's alleged failure to provide written notice of its decision within 45 days of the hearing held on June 4, 1985.

Section 980(9) of the Pennsylvania Municipalities Planning Code[2] requires that the board "render a written decision . . . within 45 days after the last hearing before the board . . . Where the board fails to render the decision within the period required by this subsection, the decision shall be deemed to have been rendered in favor of the appellant. . . ."

The law is clear that only the board's decision, not its findings of fact or conclusions of law, must be rendered within 45 days of the hearing in order to satisfy the requirements of section 908(9). *Heisterkamp v. Z.H.B., City of Lancaster,* 34 Pa. Commw. 539, 383 A.2d 1311 (1978).

---

2. Pennsylvania Municipalities Planning Code, act of July 31, 1968, P.L. 805, art. I, §101 et seq., as amended; 53 Pa.C.S. §10908(9), Supplement.

Section 908(10) of the MPC,[3] supra, further requires that "a copy of the final decision . . . be delivered to the applicant personally or mailed to him not later than the day following its date."

Instantly, the record reveals that the board satisfied the requirements of sections 908(9) and 908(10) of the MPC. A hearing was held on June 4, 1985, and a written decision denying appellant's request was rendered on July 11, 1985, notice of which was sent to appellant on July 12, 1985. Nothing on the record supports appellant's contention that he did not receive notice of the board's decision until August 2, 1985. Furthermore, the fact that the board's findings of fact and conclusions of law were not filed until May 27, 1986 is of no consequence. *Heistercamp,* supra.

Accordingly, we enter the following

### ORDER

And now, August 6, 1986, the appeal from the decision of the zoning hearing board of the city of Lancaster filed by appellant, Dr. Loyde H. Hartley, is hereby dismissed.

---

3. Pennsylvania Municipalities Planning Code, supra; 53 Pa.C.S. §10908(10).