519 A.2d 1115

In Re: Richard K. Sweeley, Clerk of Courts of Clinton County. In the Matter of Audit of Accounts of Clerk of Courts for January 2, 1978 to December 4, 1981. Richard K. Sweeley, Clerk of Courts of Clinton County and The Board of Commissioners of Clinton County, Petitioners.

Argued September 9, 1986, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Lewis G. Steinberg,* for petitioners.

*Vincent J. Dopko,* Deputy Attorney General, with him, *Eugene J. Anastasio,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE COLINS, January 15, 1987:

The Department of the Auditor General conducted an audit of the records of Richard K. Sweeley, the Clerk

of the Court of Common Pleas of Clinton County (Petitioner) for the period from January 2, 1978, to January 4, 1981. On April 14, 1983, the Department of Revenue mailed a notice of settlement reflecting the findings of this audit, indicating a balance due the Commonwealth of Pennsylvania of $18,809.26. Petitioner filed a Petition for Resettlement with the Department of Revenue, which was subsequently denied. Petitioner petitioned the Board of Finance and Revenue (Board) for review of the matter, which was also denied. This appeal followed.[1]

Before this Court, Petitioner argues that the Board erred in determining that the Commonwealth, and not Clinton County, was entitled to monies collected by Petitioners from individuals who had either pled guilty or been found guilty of violating various provisions of the Vehicle Code, 75 Pa. C.S. §§101-9910. Petitioners further contend that even if the Commonwealth is entitled to this money, it is not entitled to collect the interest which it has assessed as due and owing from fifteen days after the date of settlement.

As regards the first issue, that is, who is entitled to the aforementioned monies, Petitioner relies on Section 1 of the Act of June 19, 1911, P.L. 1055, *as amended, formerly* 19 P.S. §1051, repealed by the Act of April 28, 1978, P.L. 202, which provided in pertinent part:

> Whenever any person shall be convicted in any court of this Commonwealth of any *crime,* except murder, administering poison, kidnapping, incest, sodomy, buggery, rape, assault and battery with intent to ravish, arson, robbery, or burglary, and it does not appear to the said court that

---

[1] Procedures in these matters are governed by Pa. R.A.P. No. 1571. Pursuant thereto, we hereby adopt the parties' stipulated Findings of Fact, and incorporate them by reference.

the defendant has ever before been imprisoned for crime, either in this State or elsewhere (but detention in an institution for juvenile delinquents shall not be considered imprisonment), and where the said court believes that the character of the defendant and the circumstances of the case such that he or she is not likely again to engage in an offensive course of conduct, and that the public good does not demand or require that the defendant should suffer the penalty imposed by law, *the said court shall have power to suspend the imposing of the sentence, and place the defendant on probation for a definite period,* on such terms and conditions, including the *payment of money for the use of the county,* not exceeding, however, the fine fixed by law for conviction of such offense, as it may deem right and proper; said terms and conditions to be duly entered of record as a part of the judgment of the court in such case. No such condition for the payment of money shall be considered as the imposition of a fine or a sentence nor prevent the court from thereafter sentencing any defendant under the act under which he or she was convicted, upon violation of his or her parole.

Emphasis added. The Petitioner argues that the violations of the Vehicle Code, being crimes, fell within the ambit of the above act, and the County is, therefore, the proper recipient of the fines.

The Commonwealth essentially argues that former Section 1301(a) of the Vehicle Code, 75 P.S. §1301(a), and a similar provision now embodied at Section 3571 of the Judicial Code, 42 Pa. C. S. §3571, which provide that all fines imposed for violations of the Vehicle Code, 75 Pa. C. S. §§101-9110, must be transmitted to the Commonwealth are controlling, and that the aforemen-

tioned funds should have been submitted to the Commonwealth.

This Court recently had occasion to decide this very issue in *Resettlement of Wallick Account,* 72 Pa. Commonwealth Ct. 393, 456 A.2d 718 (1983), *aff'd per curiam,* 504 Pa. 347, 473 A.2d 1015 (1984), and, although Petitioner urges that we reconsider *Wallick,* we are not inclined to so do. In *Wallick,* we held that inasmuch as the Vehicle Code was a more particular statute, it controls over the more general pronouncement of the Act of 1911, and furthermore, that as a later enactment of the law, it likewise controls over the earlier provisions of the Act of 1911. Sections 1933 and 1936 of the Statutory Construction Act of 1972 (Act), 1 Pa. C. S. §§1933, 1936. Therefore, in the instant matter, we likewise hold that the Commonwealth was entitled to the funds collected by Petitioner, assessed in the amount of $18,809.26.

As regards the issue of interest, the Commonwealth argues that Section 904 of the Fiscal Code, Act of April 9, 1929, P.L. 343, 72 P.S. §904, which provides that interest shall accrue from fifteen days after the date of settlement until the date of payment, at a rate of twelve per centum per annum, is dispositive of the issue. Petitioner, however, argues that there was an unreasonable delay by the Department of Revenue in acting upon its Petition for Resettlement; therefore, Petitioner asserts that he should not have to pay the amount of interest assessed.

While it is clear that Article IX of the Fiscal Code, 72 P.S. §§901-905, provides the procedure for the collection of monies due the Commonwealth by County or City Officers, including the collection of interest, we must examine Article XI of the Fiscal Code, 72 P.S. §§1101-1108, entitled "Procedure for Resettlement of Accounts, Review and Appeal," in order to determine if

there was any undue delay in the appeal process which would necessitate an abatement or modification of the assessed interest.

The Stipulation of Facts filed by the parties provides that Petitioner received notice of settlement on April 14, 1983 from the Department of Revenue. He filed a Petition for Resettlement with the Department of Revenue on July 8, 1983, pursuant to the provisions of §1102 of the Fiscal Code, 72 P.S. §1102, which provide:

> Within ninety (90) days after the date upon which the copy of any settlement was mailed to the party with whom or with which the settlement was made, such party or the Commonwealth of Pennsylvania may file, with the department which made it, a petition for resettlement.

Section 1102 of the Fiscal Code, 72 P.S. §1102, further provides: "It shall be the duty of the department with which the petition was filed, within six (6) months after the date of the receipt of any petition for resettlement, to dispose of such petition. . . ." In the instant matter, the Petition for Resettlement was not refused by the Department of Revenue until October 1, 1984, fifteen months after its submission.

Subsequently, Petitioner appealed to the Board and then to this Court, all matters appurtenant thereto being made in a timely fashion. Nonetheless, it is clear that the Department of Revenue was statutorily derelict in its duty to act on the Petition for Resettlement within six months, and we must hold that a failure to abide by the terms of the controlling statute constitutes an unreasonable delay as a matter of law.

The Fiscal Code nowhere provides any remedy for a lapse by the Department of Revenue to timely perform its functions. We must, therefore, determine what an appropriate remedy should be under the circumstances of this case.

In fashioning an appropriate remedy, we must consider that Petitioner would have been legally responsible for interest from the date of the submission of its Petition for Resettlement until six months after such submission. Likewise, it would have to pay interest from the time it appealed to the Board, and for the time in which it has appealed to this Court. Therefore, we believe it appropriate that the additional nine months during which the Department of Revenue delayed from deciding whether a resettlement should be granted should not be counted as time during which interest accrues, and the amount of interest assessed should be modified accordingly.

Therefore, we will affirm the Board as to disposition of the fines, and remand to the Board for a recomputation of the interest consistent with this opinion.

### ORDER

AND NOW, January 15, 1987, we hereby affirm the decision of the Board of Finance and Revenue dated May 23, 1985, insofar as it affirms the Department of Revenue's Settlement. We remand to the Board of Finance and Revenue for a computation of interest consistent with this opinion.

Unless Exceptions are filed within thirty (30) days of the date of this Order, the above Order shall become final, and judgment is entered in favor of the Commonwealth of Pennsylvania in the amount of Eighteen Thousand Eight Hundred and Nine Dollars and Twenty-Six Cents ($18,809.26), plus appropriate interest computed consistent with this Opinion.

Jurisdiction relinquished.