548 A.2d 1334

Beneficial Finance Consumer Discount Co., Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

*Vincent X. Yakowicz, Yakowicz and DePasquale,* for petitioner.

*Ronald H. Skubecz,* Deputy Attorney General, with him, *Eugene J. Anastasio,* Chief, Deputy Attorney General and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, October 19, 1988:

Beneficial Finance Consumer Discount Corp. (Petitioner) petitions for review of the order of the Board of Finance and Revenue (Board) denying its capital stock tax appeal. The parties have stipulated to the facts in the case. We affirm the Board.[1]

For the 1983 tax year Petitioner filed a capital stock return which reported a capital stock value of five million dollars and a tax due of $50,000.00. Under Article XI of the Fiscal Code (Code), Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §§1101-1108, a procedure is set forth by which the Department of Revenue (Department) may challenge the tax return by "settling" the tax report filed. In the present case, the Department settled Petitioner's capital stock value at eight million dollars and assessed a capital stock tax of $80,000.00. Petitioner then appealed the Department's action by filing a petition for "resettlement" with the Department within ninety days as called for by Section 1102 of the Code, 72 P.S. §1102. Resettlement petitions are heard before the Department's Board of Appeals which is given six months by Section 1102 to dispose of the petition.

---

[1] Petitioner also requests attorney fees for the frivolous conduct of the Department of Revenue in opposing this appeal. Since we find for the Department in affirming the Board, no attorney fees are warranted.

In the present case, the Board of Appeals took ten months from the date of filing of the petition for resettlement to deny the petition and sustain the Department. The parties concede that the decision by the Board of Appeals was untimely and that only one month of delay was attributable to Petitioner who requested and received one continuance.

Following the denial of its petition for resettlement, Petitioner took a further appeal to the Board which also denied its petition. Section 1103 of the Code gives the Board six months to dispose of a petition but also states that if the Board fails to act the action previously taken on the petition for resettlement shall be sustained. In the present case, the Board did dismiss the petition within six months. However, in contrast to Section 1103, Section 1102 is silent as to the remedy when the Department's Board of Appeals fails to act within six months. Petitioner now argues that the remedy for the untimely action by the Department's Board of Appeals should be to dismiss the Department's settlement petition and accept the tax report as originally filed.

The relevant provision of Section 1102 simply reads:

It shall be the duty of the department with which the petition was filed, within six (6) months after the date of the receipt of any petition for resettlement, to dispose of such petition

. . . .

Petitioner argues that the language of the statute establishes a mandatory time limit in which the Department's Board of Appeals must act or lose jurisdiction over the case. Consequently, we must decide whether the directive that the Department *shall* act within six months creates a mandatory duty or is merely directory.

This Court has held a number of statutory provisions in which imperative language is used to be directory. In *Appeal of M.G.H. Enterprises,* 85 Pa. Commonwealth

Ct. 68, 480 A.2d 394 (1984), we held that Section 908(10) of the Pennsylvania Municipalities Planning Code[2] which states that a copy of the zoning board's final decision *shall* be delivered to the applicant not later than a day following the decision was directory. In *Department of Transportation v. Lea,* 34 Pa. Commonwealth Ct. 310, 384 A.2d 269 (1978) and *Jones v. Commonwealth,* 67 Pa. Commonwealth Ct. 429, 447 A.2d 694 (1982), we held that Section 616(a)(1) of the Vehicle Code of 1959[3] compelling the Department of Transportation to "forthwith revoke" the license of a person convicted of driving while intoxicated was directory.

Similarly, in *Pennsylvania Liquor Control Board v. S & B Restaurants, Inc.,* 112 Pa. Commonwealth Ct. 382, 535 A.2d 709 (1988), we noted that the provision of Section 471 of the Liquor Code[4] stating that once a hearing is held and the Pennsylvania Liquor Control Board (PLCB) is satisfied that a violation has occurred, the PLCB *shall immediately* revoke or suspend the license of the violator is directory. Perhaps even more germane to the present case, we decided in *Pennsylvania Liquor Control Board v. Dentici,* 117 Pa. Commonwealth Ct. 70, 542 A.2d 229 (1988) that Section 471 of the Liquor Code's requirement that a hearing be held *not more* than sixty days from the issuance of a citation was directory, thus reaffirming the holding of *Pennsylvania Liquor Control Board v. Silva,* 219 Pa. Superior Ct. 31, 275 A.2d 871 (1971). A common thread running throughout these decisions has been the absence of prejudice to the petitioner or licensee as a result of the untimely action or delay by the administrative agency.

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(10).

[3] Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §616(a)(1), repealed by the Act of June 17, 1976, P.L. 162.

[4] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471.

We find no prejudice to the Petitioner in the instant case because the Department's Board of Appeals decided his case in ten months instead of six months. The Petitioner was not put out of court or denied an opportunity to argue the merits of his case before the Board of Finance and Review. We will not grant the Petitioner who lost on the merits a windfall by invalidating the Department's entire case based on a technical interpretation of the statute.

We find that the language of Section 1102 is directory based on our prior decision construing this provision, *In Re Sweeley*, 103 Pa. Commonwealth Ct. 188, 519 A.2d 1115 (1987). In *Sweeley*, the Department mailed an audit notice to the Clerk of the Court of Common Pleas of Clinton County informing the County that the Commonwealth of Pennsylvania was entitled to monies collected by the County Court from individuals who had been found guilty of violating provisions of the Vehicle Code, 75 Pa. C. S. §§101-9910. The County then filed a petition for resettlement pursuant to Section 1102 which the Department did not decide until fifteen months after its submission. The Court held that:

> Nonetheless, it is clear that the Department of Revenue was statutorily derelict in its duty to act on the Petition for Resettlement within six months, and we must hold that a failure to abide by the terms of the controlling statute constitutes an unreasonable delay as a matter of law.

> The Fiscal Code nowhere provides any remedy for a lapse by the Department of Revenue to timely perform its functions. We must, therefore, determine what an appropriate remedy should be under the circumstances of this case.

*Sweeley*, 103 Pa. Commonwealth Ct. at 193, 519 A.2d at 1117.

The Court determined that the appropriate remedy would be to hold petitioner not responsible for interest

on the tax owed during the time period of the Department's delay.[5] The Court did not dismiss the Department's action in settling the tax due on the grounds that the Department's untimely action deprived it of jurisdiction to act. We can only conclude that the six month time period in Section 1102 is directory.

Petitioner cites *Commonwealth v. Wanamaker*, 450 Pa. 77, 296 A.2d 618 (1972) and *Commonwealth v. Safe Harbor Water Power Corp.*, 423 Pa. 101, 223 A.2d 223 (1966) for the proposition that if the Department is late in *settling* a tax return under Section 801(b) of the Code, 72 P.S. §801(b), the tax as reported stands. Section 801(b) states that settlements shall, *as far as possible*, be made within one year of the return. The settlements in the *Wanamaker* and *Safe Harbor* cases ranged from five months to five years beyond the statutory expiration date. The Supreme Court recognized the directory language of Section 801(b) by noting that "extenuating circumstances can, if proven, relieve the authorities from strict compliance with the statutory limitation." *Wanamaker*, 450 Pa. at 83, 296 A.2d at 621. These cases provide no support for Petitioner's contention that the language of Section 1102 is mandatory. We decline to award a $30,000.00 windfall to Petitioner because the Department denied its petition in ten months instead of six. The order of the Board will be affirmed.

ORDER

Now, October 19, 1988, the order of the Board of Finance and Revenue at No. R-9638, dated February 25, 1986, is hereby affirmed.

---

[5] The matter of interest has not been raised by either party in this capital stock case. Petitioner simply argues he is entitled to pay a $50,000.00 tax as opposed to an $80,000.00 tax by virtue of the Department's delay in denying its petition.

Unless Exceptions are filed within thirty (30) days of the date of this Order, the above Order shall become final, and judgment is entered in favor of the Commonwealth of Pennsylvania.

Judge MACPHAIL did not participate in the decision in this case.

---

DISSENTING OPINION BY JUDGE PALLADINO:

I respectfully dissent. The language of Section 1102 is mandatory, and for the majority to say it is directory frustrates the intention of the legislature to create a timeframe for the disposition of tax resettlement.

Without equivocation, the legislature has said it *shall* be the duty of the department . . . *within six months* after the date of the receipt of any petition for resettlement, to dispose of such petition. This language requires the Department to act, and the matter of prejudice or non-prejudice to the taxpayer has no relevance. For the majority to suggest that because the Department failed to meet a statutorily mandated deadline creates a windfall for the taxpayer, and therefore should be ignored, flies in the face of every statute of limitations which the legislature might enact.

I would reverse the order of the Board of Finance and Revenue.